## CUSHING *versus* WYMAN & al.

Where the plaintiff sold property to defendants and received payment by an unnegotiable note against third persons, before he can maintain an action on the original sale on account of fraud in the vendee in relation to the note, he must first return the note to the vendee.

Upon a note thus negotiated under fraudulent representations, the party is liable on an implied guaranty.

*It seems,* that where the plaintiff received such a note under fraudulent representations, and it was larger than the value of the property sold, and he paid the balance in money, he cannot recover for the money thus paid without returning the note.

ON REPORT from *Nisi Prius*, HATHAWAY, J. presiding.

ASSUMPSIT, on account annexed for two horses, and for a note paid by plaintiff.

There was also a count for money had and received.

The defendants purchased of plaintiff a span of horses, and paid therefor by an unnegotiable note running to one of defendants, which was represented to be due and that it would be paid at maturity. The note being larger than the sum due for the horses, plaintiff gave his own note for the excess, and subsequently paid it.

It appeared, that defendants had been furnished with supplies for a logging operation, by the makers of the note turn-

ed out to plaintiff, on their agreement to turn it in to them, and the makers refused to pay it to the plaintiff.

During the trial of this action notice was given to defendants, that the note was in Court, and plaintiff offered to give it up to them.

The cause was submitted to the full Court, to render such judgment on nonsuit or default as the law required.

*Kent,* for defendants.

1. Before a suit can be maintained, the note must be returned. *Cushman* v. *Marshall,* 21 Maine, 122; *Norton* v. *Young,* 3 Maine, 30.

2. The offer made at the trial was too late. Where that has been held sufficient, it was where they were the *notes* of the party *sued,* and not notes of a third party. Such are *Ayers* v. *Hewitt,* 19 Maine, and *Thurston* v. *Blanchard,* 22 Pick. 18. The reason is obvious. The sale being revoked, the note falls with it.

3. The action is wrong. Although the note was not negotiable, it was transferred by writing and amounted to a *guarantee,* and the action should be on that contract.

4. Plaintiff should have pursued the remedy by suit against the parties to the note to final judgment, before suing us; or show by competent proof, that there was a legal defence to it. He has done neither.

*Paine,* for plaintiff.

There is no question about the general principle, that property received in exchange, if the contract would be avoided for fraud, must be returned. But in such case it must be of *value.* There is here no danger of losing any thing by defendants by not receiving this note. The whole reasoning of the case cited is upon the ground that the note was *negotiable.* Here it was not.

The evidence showed, that defendants had received the full amount of supplies, so that it is of no consequence whether given up to them or not.

There is no guarantee upon the note; if any liability is incurred by the indorsement, the plaintiff may avail himself

Cushing *v.* Wyman.

of it under the count for money had and received. Such count is sufficient between the indorsee and indorser.

The fact that defendants had otherwise appropriated the funds by the note to be paid, relieves the holder from the necessity of demand and notice. 22 Maine, 495; 3 Met. 434.

The plaintiff was induced to pay money and part with his horses by the false representations of defendants and can maintain this action to recover back the money. *Wells* v. *Waterhouse*, 22 Maine, 131.

APPLETON, J. — If a party would rescind a contract of sale, on the ground of fraud on the part of the vendee, it is his duty to return what he has received in payment, before he can maintain an action for the goods sold. *Norton* v. *Young*, 3 Greenl. 30. The plaintiff cannot retain the note of Brown & McCrillis, which he received of the defendants, and at the same time enforce his claim for the horses, which he has admitted to have been paid by that note. The defendants were liable to the plaintiff, on an implied guaranty that the amount purporting to be, was actually due. The note was of value to them, as evidence of indebtedness on the part of the makers, and should have been returned or the offer to return should have been made, before instituting the present suit. The case of *Cushman* v. *Marshall*, 21 Maine, 122, is decisive of the one now before us.

*Plaintiff nonsuit.*

SHEPLEY, C. J., and TENNEY, HOWARD and HATHAWAY, J. J., concurred.